DAS/EW:AAS
F.#2011R00283

# CR 11 589

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 1 8 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

EDUL AHMAD,

          Defendant.

- - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§
981(a)(1)(C), 982(a)(2)(A),
1344, 1349, 2 and 3551 et
seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

IRIZARRY, J.

THE GRAND JURY CHARGES:

AZRACK, M.J.

## INTRODUCTION

At all times relevant to this Indictment:

1.    The defendant EDUL AHMAD, together with others,
defrauded various lending institutions (the "Lenders") by
obtaining mortgages on properties (the "Properties") located in
the Eastern District of New York and elsewhere through fraudulent
means, including by falsifying mortgage loan applications and
other documents.  That false information made the borrowers
appear to be more creditworthy, and falsely enhanced the
purported value of the Properties.  As a result, the Lenders were
fraudulently induced to issue mortgage loans secured by the
Properties.  AHMAD also fraudulently obtained fees and
commissions in excess of those permitted by the Lenders.  The
amount of the mortgage loans obtained by AHMAD and others
exceeded $50 million.

I.        The Defendant

2.    The defendant EDUL AHMAD was a real estate agent licensed in the State of New York.  AHMAD acted as the real estate agent and often as the loan officer for the closings on the Properties.

II.       The Lenders

3.    The Bank of New York was a bank, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

4.    Chase Home Finance was a wholly-owned subsidiary of JP Morgan Chase ("JP Morgan"), a bank, the deposits of which were insured by the FDIC.

5.    Citi Residential Lending was a wholly-owned subsidiary of Citibank, N.A. ("Citibank"), a bank, the deposits of which were insured by the FDIC.

6.    Countrywide Home Loans was a wholly-owned subsidiary of Countrywide Financial ("Countrywide"), a bank, the deposits of which were insured by the FDIC.

7.    Flushing Savings Bank was a bank, the deposits of which were insured by the FDIC.

8.    Fremont Investment and Loan ("Fremont") was a bank, the deposits of which were insured by the FDIC.

9.    HSBC Mortgage Services and Decision One Mortgage were wholly-owned subsidiaries of HSBC Bank USA, N.A. ("HSBC"), a bank, the deposits of which were insured by the FDIC.

2

10. IndyMac Mortgage Services was a wholly-owned subsidiary of IndyMac Bank ("IndyMac"), a bank, the deposits of which were insured by the FDIC.

11. One West Bank was a bank, the deposits of which were insured by the FDIC.

12. U.S. Bank was a bank, the deposits of which were insured by the FDIC.

13. Wells Fargo Home Mortgage was a wholly-owned subsidiary of Wells Fargo & Company ("Wells Fargo"), a bank, the deposits of which were insured by the FDIC.

14. New Century Mortgage Corporation ("New Century") was a wholesale mortgage lender doing business throughout the United States, including in New York.

15. Ocwen Financial Corporation ("Ocwen") was a wholesale mortgage lender doing business throughout the United States, including in New York.

III.    The Borrowers

16. The defendant EDUL AHMAD and others recruited purchasers (the "Purchasers") who desired to purchase the Properties for their own use. The Purchasers generally were individuals with good credit scores, but with income and assets that were insufficient to secure a mortgage loan. AHMAD and others often promised the Purchasers either that no down payment would be necessary to purchase the Properties, or that any down payment would be refunded to them at the closings.

3

17.     The defendant EDUL AHMAD and others also recruited other individuals (the "Straw Buyers") to pose as the purchasers of some of the Properties.  Like the Purchasers, the Straw Buyers generally were individuals with good credit scores, but with income and assets that were insufficient to secure a mortgage loan.  Unlike the Purchasers, however, the Straw Buyers did not intend to inhabit or control the Properties.  Instead, AHMAD and others were the true owners of the Properties purportedly purchased by the Straw Buyers.  In exchange for the use of their names and good credit, the Straw Buyers often received a fee.

IV.       The Fraudulent Scheme

18.     Once Purchasers or Straw Buyers were recruited, the defendant EDUL AHMAD prepared and caused to be prepared mortgage applications for the Properties.  These mortgage applications contained numerous misrepresentations and material falsehoods designed to make the Purchasers or Straw Buyers appear more creditworthy.  Among other things, the mortgage applications falsely inflated the bank account balances and income for the Purchasers or Straw Buyers.  Additionally, the mortgage applications for the Straw Buyers falsely stated that the Straw Buyers would live at the Properties.  AHMAD and others caused these applications and supporting documents to be sent to the Lenders by facsimile or via electronic transmissions.

19.     As a condition for issuing the mortgage loans, the Lenders required the Purchasers and Straw Buyers to make down

4

payments on the purchase of the Properties, and limited the amount that the defendant EDUL AHMAD could receive as real estate commissions and fees. Notwithstanding these requirements, the Purchasers and Straw Buyers often did not make any down payments, and AHMAD retained commissions and fees in excess of those permitted by the Lenders.

20. To conceal these facts from the Lenders, AHMAD and others falsified Department of Housing and Urban Development forms (the "Falsified HUD Forms"), designed to deceive the Lenders about the disbursements at closings. For example, the Falsified HUD Forms represented that some of the Purchasers or Straw Buyers had made a down payment or other cash payment to the sellers when, in fact, none had been made. Additionally, the Falsified HUD Forms understated AHMAD's true loan fees and real estate commissions, which, unbeknownst to the Lenders, exceeded the thresholds permitted by the Lenders.

21. In many instances, the Purchasers and Straw Buyers failed to make mortgage payments to the Lenders, and the mortgage loans for the Properties defaulted.

COUNT ONE<br>(Conspiracy to Commit Bank and Wire Fraud)

22. The allegations contained in paragraphs one through twenty-one are realleged and incorporated as if set forth fully in this paragraph.

23. In or about and between January 1995 and January 2009, both dates being approximate and inclusive, within the

5

Eastern District of New York and elsewhere, the defendant EDUL AHMAD, together with others, did knowingly and intentionally conspire to:

a.    execute a scheme and artifice to defraud Bank of New York, JP Morgan, through its subsidiary, Chase Home Finance, Citibank, through its subsidiary, Citi Residential Lending, Countrywide, through its subsidiary, Countrywide Home Loans, Flushing Savings Bank, Fremont, HSBC, through its subsidiaries, HSBC Mortgage Services and Decision One Mortgage, IndyMac, through its subsidiary, IndyMac Mortgage Services, One West Bank, U.S. Bank, and Wells Fargo, through its subsidiary, Wells Fargo Home Mortgage, all financial institutions, and to obtain moneys, funds and credits owned by and under the custody and control of said financial institutions by means of materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344; and

b.    devise a scheme and artifice to defraud Ocwen, New Century and others, and to obtain money and property from Ocwen, New Century and others by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit

and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNT TWO
(Bank Fraud - 117-64 124th Street, South Ozone Park, New York)

24. The allegations contained in paragraphs one through twenty-one are realleged and incorporated as if set forth fully in this paragraph.

25. On or about May 31, 2005, a closing was held for a mortgage loan issued by Countrywide, through its subsidiary, Countrywide Home Loans and secured by 117-64 124th Street, South Ozone Park, New York. This closing was held in Queens, New York.

26. In or about and between May 2005 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDUL AHMAD, together with others, did knowingly and intentionally execute a scheme and artifice to defraud Countrywide, through its subsidiary, Countrywide Home Loans, and to obtain moneys, funds and credits owned by and under the custody and control of said financial institution by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

7

COUNT THREE
(Bank Fraud - 115-03 134th Street, South Ozone Park, New York)

27.   The allegations contained in paragraphs one through twenty-one are realleged and incorporated as if set forth fully in this paragraph.

28.   On or about January 3, 2006, a closing was held for a mortgage loan issued by Fremont and secured by 115-03 134th Street, South Ozone Park, New York.  This closing was held in Queens, New York.

29.   In or about and between December 2005 and January 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDUL AHMAD, together with others, did knowingly and intentionally execute a scheme and artifice to defraud Fremont and to obtain moneys, funds and credits owned by and under the custody and control of said financial institution by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

COUNT FOUR
(Bank Fraud - 105-32 131st Street, Richmond Hill, New York)

30.   The allegations contained in paragraphs one through twenty-one are realleged and incorporated as if set forth fully in this paragraph.

31.   On or about October 31, 2006, a closing was held for a mortgage loan issued by Countrywide, through its

8

subsidiary, Countrywide Home Loans and secured by 105-32 131st Street, Richmond Hill, New York.  This closing was held in Queens, New York.

32.  In or about and between September 2006 and November 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDUL AHMAD, together with others, did knowingly and intentionally execute a scheme and artifice to defraud Countrywide, through its subsidiary, Countrywide Home Loans, and to obtain moneys, funds and credits owned by and under the custody and control of said financial institution by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT FIVE
(Bank Fraud - 107-20 97th Avenue, Ozone Park, New York)

33.  The allegations contained in paragraphs one through twenty-one are realleged and incorporated as if set forth fully in this paragraph.

34.  On or about March 6, 2007, a closing was held for a mortgage loan issued by Countrywide, through its subsidiary, Countrywide Home Loans and secured by 107-20 97th Avenue, Ozone Park, New York.  This closing was held in Queens, New York.

35.  In or about and between February 2007 and March 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDUL

9

AHMAD, together with others, did knowingly and intentionally execute a scheme and artifice to defraud Countrywide, through its subsidiary, Countrywide Home Loans, and to obtain moneys, funds and credits owned by and under the custody and control of said financial institution by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

COUNT SIX
(Bank Fraud - 107-51 128th Street, South Richmond Hill, New York)

36.   The allegations contained in paragraphs one through twenty-one are realleged and incorporated as if set forth fully in this paragraph.

37.   On or about May 16, 2007, a closing was held for a mortgage loan issued by Countrywide, through its subsidiary, Countrywide Home Loans and secured by 107-51 128th Street, South Richmond Hill, New York.   This closing was held in Queens, New York.

38.   In or about and between April 2007 and May 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDUL AHMAD, together with others, did knowingly and intentionally execute a scheme and artifice to defraud Countrywide, through its subsidiary, Countrywide Home Loans, and to obtain moneys, funds and credits owned by and under the custody and control of said

10

financial institution by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT SEVEN
(Bank Fraud - 94-17 97th Street, Ozone Park, New York)

39.   The allegations contained in paragraphs one through twenty-one are realleged and incorporated as if set forth fully in this paragraph.

40.   On or about May 25, 2007, a closing was held for a mortgage loan issued by Wells Fargo, through its subsidiary, Wells Fargo Home Mortgage and secured by 94-17 97th Street, Ozone Park, New York.   This closing was held in Queens, New York.

41.   In or about and between April 2007 and June 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDUL AHMAD, together with others, did knowingly and intentionally execute a scheme and artifice to defraud Wells Fargo, through its subsidiary, Wells Fargo Home Mortgage, and to obtain moneys, funds and credits owned by and under the custody and control of said financial institution by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

11

## COUNT EIGHT
(Bank Fraud - 150-15 115th Street, South Ozone Park, New York)

42.   The allegations contained in paragraphs one through twenty-one are realleged and incorporated as if set forth fully in this paragraph.

43.   On or about June 28, 2007, a closing was held for a mortgage loan issued by Countrywide, through its subsidiary, Countrywide Home Loans and secured by 150-15 115th Street, South Ozone Park, New York.   This closing was held in Queens, New York.

44.   In or about and between May 2007 and July 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDUL AHMAD, together with others, did knowingly and intentionally execute a scheme and artifice to defraud Countrywide, through its subsidiary, Countrywide Home Loans, and to obtain moneys, funds and credits owned by and under the custody and control of said financial institution by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT NINE
(Bank Fraud - 135-37 130th Avenue, South Ozone Park, New York)

45.   The allegations contained in paragraphs one through twenty-one are realleged and incorporated as if set forth fully in this paragraph.

12

46.   On or about August 1, 2007, a closing was held for a mortgage loan issued by Countrywide, through its subsidiary, Countrywide Home Loans and secured by 135-37 130th Avenue, South Ozone Park, New York.   This closing was held in Queens, New York.

47.   In or about and between June 2007 and August 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDUL AHMAD, together with others, did knowingly and intentionally execute a scheme and artifice to defraud Countrywide, through its subsidiary, Countrywide Home Loans, and to obtain moneys, funds and credits owned by and under the custody and control of said financial institution by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

### COUNT TEN
(Bank Fraud - 93-06 201st Street, Hollis, New York)

48.   The allegations contained in paragraphs one through twenty-one are realleged and incorporated as if set forth fully in this paragraph.

49.   On or about September 28, 2007, a closing was held for a mortgage loan issued by JP Morgan, through its subsidiary, Chase Home Finance and secured by 93-06 201st Street, Hollis, New York.   This closing was held in Queens, New York.

50.   In or about and between August 2007 and October 2007, both dates being approximate and inclusive, within the

13

Eastern District of New York and elsewhere, the defendant EDUL
AHMAD, together with others, did knowingly and intentionally
execute a scheme and artifice to defraud JP Morgan, through its
subsidiary, Chase Home Finance, and to obtain moneys, funds and
credits owned by and under the custody and control of said
financial institution by means of materially false and fraudulent
pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and
3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

51.   The United States hereby gives notice to the
defendant that, upon conviction of any of the above-charged
offenses, the government will seek forfeiture in accordance with
Title 18, United States Code, Section 981(a)(1)(C) and Title 28,
United States Code, Section 2461(c), which require any person
convicted of such offenses to forfeit any property constituting
or derived from proceeds obtained directly or indirectly as a
result of such offenses.

52.   If any of the above-described forfeitable
property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due
diligence;

(b)   has been transferred or sold to, or deposited
with, a third party;

14

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A); Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

15

FORM DBD-34
JUN 85

No. _____                                         Action: _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

THE UNITED STATES OF AMERICA

vs.

**EDUL AHMAD**

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(2)(A), 1344, 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                    *Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                    *Clerk*

*Bail, $* _____

_____

*Alexander Solomon , Assistant U.S. Attorney (718-254-6074)*